UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Case No. 18-CR-00470-PAB-8

UNITED STATES OF AMERICA,

      Plaintiff,

v.

SOLOMON BARRIOS GARCIA,

      Defendant.

---

## MOTION FOR NON-GUIDELINE SENTENCE
_____

The Defendant, through counsel, hereby moves this Court for a variance from the Sentencing Guideline in this case. As grounds:

### Conferral

The Government, per Stephanie Podolak, AUSA, wishes to reserve its position until sentencing.

### Discussion of 18 U.S.C §3553(a)

After *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2006), sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a). The Guidelines are no longer mandatory, but advisory. The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Defendant wishes to highlight certain sentencing factors, which the Court is to consider pursuant to 18 U.S.C. § 3553.

1) **The nature and circumstances of the offense and the history and characteristics of the defendant (§ 3553(a)(1)).**

**Nature and Circumstances of the Offense**

The Defendant pled guilty to conspiracy to distribute five kilos or more of a controlled substance containing a detectable amount of Cocaine.  18 U.S.C. §841 & 846. As noted by the presentence investigation, the Defendant was briefly a "mule" for the enterprise in the first two weeks of February, 2018.  In the discovery, Mr. Barrios Garcia does not appear to have had any direct contact with the leaders of the enterprise, Omar Chavez-Guttierez, Jose Rodolfo-Pena, Eduardo Ramon Tarango-Tarango, Jose Valenzuela-Vargas and Armando Colacion-Talamantes.  The discovery does not disclose any phone calls between the Defendant and any co-conspirators.  Rather, the Defendant only had minimal direct contact with co-defendant, Maria Lourdes Garcia-Arambula a/k/a "Lulu." The Probation Department has noted Mr. Barrios Garcia's limited role as a courier.

**Characteristics of the Defendant**

The Defendant is a thirty-seven-year-old United States citizen.  Mr. Barrios-Garcia has a limited criminal history, including five misdemeanors. Most of Mr. Barrios' criminal history is from 2008 or earlier (except a DUI).

Mr. Barrios-Garcia's parents live in Longmont, CO (father), and El Paso Texas. The Defendant grew up with his father in Longmont, CO.   The Defendant has a strong familial support structure in Colorado, including his father, a sister, and nieces and

nephews in Colorado.  The other side of Defendant's family mostly live in El Paso, Texas.

The Defendant has attached letters to this motion.  The letters come from family, friends, and an employer, detailing Mr. Barrios-Garcia's skills as a construction worker and painter.  Nearly all the letters note the Defendant's long and positive work history as well as his truthful and good nature.   Defendant has prospects for residence and employment in Longmont, Colorado with Jorge Valdez, one of the letters' authors, when he is released from custody.   Although not a justification, this offense was committed mid-winter when the Defendant's work was very slow.

Defendant has been in custody for one year and thirteen days at the time of this writing. He has been a model prisoner.  During the custody time, Defendant began attending Bible study in the detention center.  For the last five months, Defendant has been leading the Bible study program in the detention center.  He has discussed positively his spiritual growth while in custody at length with counsel as it will affect his future choices in life.

**2) The need for the sentence to reflect the seriousness of the offense, provide adequate punishment, promote respect for the law, to provide deterrence to criminal conduct, and to protect the public from future crimes, and to provide the defendant with the necessary correctional treatment in the most effective manner (§ 3553(a)(3)).**

Mr. Barrios Garcia was recruited to be a mule in this case.  He traveled to Colorado as a courier.  He had no hand in the planning of the conspiracy, nor was he a longstanding member.  He appears to have had minimal contact with the other members of the conspiracy.  He is not recorded on any telephone calls during the long term of wiretap-based surveillance in the investigation.  The parties and the probation department have agreed that the Defendant is entitled to an adjustment for a minimal role in the

conspiracy.

**3) The kinds of sentences available (§ 3553(a)(3)).**

The Court can impose a variety of sentences since Defendant qualifies for the

"safety-valve" exception to mandatory minimums according to the First Step Act., 18

U.C.S. §3553(f)(1)-(5).  In addition to the required amount of criminal history points, the

Defendant has performed his obligations to the government.

**4) The kinds of sentences and the sentencing range established for the applicable guideline range.**

The Guideline Range in this case is 70-87 months.  However, Defendant has

lodged objections to the presentence report, which may lower his criminal history

category and the points assessed for his offense.  Moreover, Defendant has identified a

discrepancy between the applicable Sentencing Guideline Section and the somewhat

recent First Step Act, which created a safety valve exception for persons with no more

than four criminal history points.  The applicable Guideline section still limits the safety

valve section to one criminal history point.  Should the Guideline Section be harmonized

with the statute in order to give the latter the intended legislative effect, the resulting

point assessment for the offense would be seventeen.  With a criminal history category of

three, the Defendant's Guideline sentence would be thirty to thirty-seven months.

Also, Defendant contends paragraph 72 of the presentence report improperly

attributed two points to Mr. Barrios-Garcia's conviction because his sentence was 60

days, not more than 60, as required by Guideline section 4A1.1(b).

**5) Any pertinent policy statements issued by the United States Sentencing Commission.**

Mr. Barrios-Garcia contends his criminal history is overstated.  U.S. Sentencing

Guidelines §4A1.39(b).  Aside from a 2012 DUI (¶73 PSIR), two of his countable

convictions occurred in 2008 (¶¶71-72).  This offense occurred in 2018.  Based upon a

matter of days or months, Mr. Barrios' 2008 convictions would not be counted at all.

**Conclusion**

Defendant was collateral to an investigation involving drug dealing in 2018.  In

2018, he was solicited and agreed to act as a courier for illegal drugs.  He had a minimal

role in the conspiracy.  He appears to have a good work history and substantial ties to the

community to foster his rehabilitation, which he has already started in detention.

Defendant requests a non-guideline sentence of thirty to thirty-seven months.

Respectfully submitted,

Dated: March 25, 2019          s/Jonathan S. Willett
                               Attorney for Defendant
                               255 Canyon Blvd, Suite 100
                               Boulder, CO 80302
                               Telephone: (303) 832-5648
                               Facsimile:  (303) 832-7813

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Pleading was served electronically by the ECF
system on March 25, 2020 to:

Stephanie Podolak, AUSA
Stephanie.podolak@usdoj.gov

s/ Jonathan S. Willett